UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAGHMEH PANAHI, *individually, and as parent and guardian of her minor children R.A. and J.A.*, )<br>)<br>)<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE ISLAMIC REPUBLIC )<br>OF IRAN )<br>Defendant. )<br>) | Civil Action No. 19-0006 (ABJ) |

**ORDER**

On October 26, 2020, the Court granted plaintiff's motion for default judgment against the defendant Islamic Republic of Iran and entered judgment in favor of the plaintiff, awarding plaintiff Naghmeh Panahi $10,000.000.00 in solatium damages; $5,000,000.00 in solatium damages to each of her minor children, R.A. and J.A.; economic damages in the amount of $250,000.00; and punitive damages in the amount of $20,250,000.00, for a total $40,500,000.00. *See* Order of Oct. 26, 2020 [Dkt. # 34] ("October 2020 Order") at 1; *see also* Redacted – Public Mem. Op. of Oct. 26, 2020 [Dkt. # 36] ("October 2020 Mem. Op.") at 24.

On November 17, 2020, plaintiff filed an affidavit requesting foreign mailing of the judgment, together with a translation of the documents into Farsi, to the head of defendant's ministry of foreign affairs. *See* Aff. [Dkt. # 37] ("Nov. 2020 Aff."). On November 20, 2020, the Clerk of Court mailed the requested documents, and they were returned as undeliverable three days later. *See* Certificate of Clerk [Dkt. # 38]; *see also* Notice of Mail Returned as Undeliverable [Dkt. # 39].

On December 11, 2020, plaintiff tried again. Pursuant to 28 U.S.C. § 1608(a)(4),[1] plaintiff requested another foreign mailing of the same documents, including the Farsi translations, via the U.S. Department of State, *see* Aff. [Dkt. # 40] ("Dec. 2020 Aff."), *see also* Request [Dkt. # 41], and the Clerk of Court mailed the requested copies that same day. *See* Certificate of Clerk [Dkt. # 42]. On May 3, 2021, an affidavit from the U.S. Department of State was docketed. *See* Aff. [Dkt. # 43]. It includes an April 29, 2021 letter from the U.S. Department of State stating that it transmitted the documents required under section 1608(a)(4) to the Swiss Embassy in Tehran, Iran, on March 28, 2021; on April 7, 2021, the Swiss diplomats sent the documents, along with a diplomatic note (No. 1029–IE), to the Iranian Ministry of Foreign Affairs; and the Ministry refused to receive the documents. *Id.* at 1–3.

Now pending before the Court is plaintiff's motion for an order authorizing enforcement of the October 26, 2020 final judgment in this case. *See* Mot. for Order [Dkt. # 44] ("Mot.").

## ANALYSIS

Under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1610(c), once a judgment has been entered against a foreign state and a litigant seeks to enforce that judgment, the Court must determine "that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter." 28 U.S.C. § 1610(c). Under this provision, plaintiff must show: 1) notice was properly given under 28 U.S.C. § 1608(e), and

---

[1] Under section 1608(a)(4), a plaintiff must send "two copies of the summons and complaint and a notice of suit," (2) "together with a translation of each into the official language of the foreign state" (here, Farsi), (3) "by any form of mail requiring a signed receipt," (4) "to be addressed and dispatched by the clerk of the court" (5) "to the Secretary of State in Washington, District of Columbia," (6) "and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state" (7) "and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted." 28 U.S.C. § 1608(a)(4).

2

2) a reasonable period of time has elapsed following entry of judgment and service of the judgment. Both requirements have been satisfied here.

First, defendant was properly given notice under 28 U.S.C. § 1608(e), which requires that a copy of the default judgment "be sent to the foreign state . . . in the matter prescribed for service in this section." 28 U.S.C. § 1608(e). One such method of service is pursuant to 28 U.S.C. § 1608(a)(4), which plaintiff previously used to effect service on defendant. *See* October 2020 Mem. Op. at 12–13. And as the Court concluded in its prior opinion, it is not legally relevant that the Ministry of Iran refused service of the documents which arrived via diplomatic note. *See id.* at 13, citing *Levinson v. Republic of Iran*, 443 F. Supp. 3d 158, 175 (D.D.C. 2020); *Fritz v. Islamic Republic of Iran*, 320 F. Supp. 3d 88, 89 (D.D.C. 2018); *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 52 (D.D.C. 2008). Therefore, defendant has been properly served with notice of this Court's judgment.

Second, plaintiff has waited a reasonable period of time since judgment was entered, and plaintiff invoked appropriate statutory service procedures. It has been nearly eight months since default judgment was granted against defendant on October 26, 2020, and it has been two months since the Iranian Ministry was presented with the materials on April 7, 2021.

Courts in this district have found that a period as short as a few weeks can satisfy the "reasonableness" standard imposed by section 1610(c), "particularly where [the defendant] has made no efforts to satisfy the judgment. *Warmbier v. Democratic People's Republic of Korea*, Civil Action No. 18-977 (BAH), 2019 WL 1127667, at *2 (D.D.C. Apr. 9, 2019) (holding that more than three months' time since the judgment was issued and two months' time since notice

was received by the defendant is reasonable). The Court agrees with the persuasive opinions of other courts in this district that the time that has elapsed is reasonable.[2]

## CONCLUSION

Because plaintiff has satisfied the requirements of section 1610(c), relief is proper, and the Court **GRANTS** plaintiff's motion to enforce the October 2020 default judgment against defendant.

```
                              AMY BERMAN JACKSON
                              United States District Judge
```

DATE: June 8, 2021

---

[2]   *See also Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Civil Action No. 16-0661 (RC), 2017 WL 6349729, at *1 (D.D.C. June 9, 2017) (finding a period of two months reasonable); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) ("[C]ourts have found periods of three months and less reasonable."); *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 101 (D.D.C. 2011) (finding "a period of a few months" reasonable).